FILED '10 FEB 24 12:28 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**TERESA LACKEY,**                                        Civil No. 08-6397-TC

           Plaintiff

      v.                                        **OPINION AND**
                                         **ORDER**

**MICHAEL J. ASTRUE,**
Commissioner of Social Security

           Defendant.

Coffin, Magistrate Judge:

    Plaintiff Teresa A. Lackey ("Lackey") seeks judicial review of the Social Security

Commissioner's final decision denying her application for Supplemental Security Income ("SSI")

under Title XVI of the Social Security Act.  This court has jurisdiction under 42 U.S.C. §§ 405(g)

1 - OPINION AND ORDER

and 1383(c).  All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).  Docket # 19.  The Commissioner's decision should be reversed and remanded for further proceedings.

## BACKGROUND

Born in 1984 (Tr. 60),[1] Lackey reports an eleventh-grade education (Tr. 79) and four months of work experience at a fast food restaurant.  Tr. 75.  Lackey alleges disability due to depression, panic attacks, back problems, and seizures (Tr. 74) since August 1, 1998.  Tr. 60.  The Commissioner denied Lackey's application initially and upon reconsideration.  Tr. 44-53.

An Administrative Law Judge ("ALJ") held a hearing on January 6, 2006.  Tr. 646-74.  On November 17, 2006, the ALJ found Lackey not disabled.  Tr. 11-21.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  Tr. 5-7.  Lackey presently appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act.  20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity.  If she is, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement.  20 C.F.R. §§ 416.909, 416.920(a)(4)(ii).  If

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on June 23, 2009 (Docket # 11).

the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If

3 - OPINION AND ORDER

the Commissioner meets this burden the claimant is not disabled.  20 C.F.R. §§ 416.920(g);

416.966.

## THE ALJ'S FINDINGS

The ALJ found Lackey's obesity, seizure disorder, affective disorder, chronic pelvic pain,

and substance abuse history "severe" at step two in the sequential proceedings.  Tr. 16.  The ALJ

found that these impairments did not meet a listed disorder at step three ,Tr. 17, and made no clearly

identifiable conclusion regarding Lackey's credibility.  The ALJ subsequently found that Lackey

retained the RFC to perform sedentary work "that does not require driving a motor vehicle or

exposure to hazards, including moving machinery and heights and does not require being with large

groups of people."  *Id.*  The ALJ found that this RFC allowed Lackey to perform work existing in

the national economy, and therefore found Lackey not disabled.  Tr. 21.[2]

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied

proper legal standards and the findings are supported by substantial evidence in the record.  42

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193

(9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance."  *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  It is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion."  *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

---

[2]The final page of the ALJ's decision is missing from the transcript of the official record
before this court.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## ANALYSIS

Lackey challenges the ALJ's credibility finding, his evaluation of examining psychologist Dr. Holmes, and his conclusion that she is not disabled at step five in the sequential proceedings.

**I.    Credibility**

Lackey challenges the ALJ's evaluation of her hearing testimony regarding her abdominal pain and her seizures.

**A.    Standards: Credibility**

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as

the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284; *see also* SSR 96-7p at *3 (available at 1996 WL 374186). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Smolen*, 80 F.3d at 1284. Once a claimant establishes an impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

### B.    Analysis: Credibility

The ALJ accepted Lackey's "complaints of pelvic and abdominal pain" (Tr. 20) and noted her reports of "seven seizures per month." Tr. 18. The ALJ subsequently found that, "as to credibility, the claimant's allegations are accepted as credible to the extent that she is not suited to work beyond the residual functional capacity assessed herein." *Id.*

#### a.    Credibility and RFC Assessment

The Commissioner's regulations instruct the ALJ to consider a claimant's symptom testimony in the course of construing the claimant's RFC assessment. 20 C.F.R. § 416.945(a)(3); SSR 96-8p at *7 (available at 1996 WL 374184). Here, the ALJ found Lackey's credibility limited "to the extent" that she cannot perform work beyond her RFC assessment. Tr. 20. No authority suggests an ALJ may reason that a claimant is not credible based upon the claimant's RFC assessment. The ALJ's finding that Lackey is not credible based upon her RFC disregards the role of credibility analysis in determining an RFC and therefore should not be sustained.

///

6 - OPINION AND ORDER

### b.    Pelvic and Abdominal Pain

Lackey asserts that the ALJ made contradictory findings by accepting her reports of abdominal and pelvic pain (Tr. 20), but failing to credit her testimony describing the extent of her limitations stemming from her abdominal and pelvic pain. Pl.'s Opening Br. 15-16.   The ALJ's discussion cites numerous physician reports addressing Lackey's diagnoses of pelvic infections, urinary tract infections, constipation, diarrhea, polycystic ovaries, and menhorrhagia, but makes no identifiable findings that reject Lackey's testimony regarding her abdominal and pelvic pain.  Tr. 20.  This truncated analysis fails to provide "clear and convincing" reasons for rejecting Lackey's testimony and is not sustained.

### c.    Seizures

Lackey also asserts that the ALJ failed to adequately address the extent of her reported seizure activity. Pl.'s Opening Br. 16.  The ALJ cited Lackey's testimony that she has experienced seven seizures per month since approximately age fifteen. Tr. 18. The ALJ subsequently found that this testimony conflicted with treating physician Dr. Jensen's "observation that Ms. Lackey did not seek treatment for seizure activity until 2003," and that Lackey reported being seizure-free for several months in October 2003 following prescription of anti-convulsant medication.  *Id.*  The ALJ went on to cite Lackey's noncompliance with seizure medication in November 2003, and Dr. Jefferey's finding that Lackey had "generalized epilepsy since childhood" but that her seizures "seem to be fairly well controlled."  *Id.*  Finally, the ALJ cited Dr Myer's characterization of her seizure disorder as "stable until recently" with "two to three seizures in a row, none witnessed." *Id.*

The ALJ may cite medical evidence in discussing a claimant's credibility. *Smolen*, 80 F.3d at 1284. However, once a claimant establishes an impairment that could reasonably cause the reported symptoms, the ALJ may not require that medical evidence corroborates the degree of symptom testimony the claimant proffers. *Lingenfelter*, 504 F.3d at 1036 (citing *Smolen*, 80 F.3d at 1282)). Here, the ALJ apparently rejected Lackey's testimony regarding the extent and effects of her seizures based upon his citations to the medical evidence noted above. This reasoning contravenes the applicable legal standard and is not sustained.

C.    **Conclusion: Credibility**

The ALJ failed to provide clear and convincing reasons for rejecting Lackey's symptom testimony. The ALJ's credibility analysis is not sustained. The effect of the ALJ's error is discussed below.

II.    **Medical Source Statements**

A.    **Standards**

Generally, the ALJ must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.*, at 830. The ALJ may reject a physician's opinion that is unsupported by clinical notes or findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

B.    **Analysis**

Lackey asserts that the ALJ should have credited Dr. Holmes's opinion that she would have difficulty functioning in a work environment. Pl.'s Opening Br. 17. The ALJ cited Dr. Holmes's

report addressing Dr. Holmes's learning disability evaluation, but did not discuss Dr. Holmes's conclusions regarding Lackey's workplace functioning. Tr. 18.

Dr. Holmes examined Lackey on June 17, 2004, and on July 1, 2004, for the Department of Human Services. Tr. 364-78. Dr. Holmes conducted a clinical examination and interview and administered numerous psychological tests. *Id.* Dr. Holmes found no evidence of a learning disability, and "deferred" diagnostic conclusions under the axis I and II criteria of the *Diagnostic and Statistical Manual ("DSM")*. Tr. 371. Dr. Holmes stated that Lackey has "problems related to the social environment under the DSM axis IV criteria. *Id.* Dr. Holmes concluded that Lackey "has many personality characteristics which will make obtaining and maintaining employment extremely difficult. These characteristics include an extremely volatile and reactive temper." *Id.*

The ALJ ignored these findings. The Commissioner now asserts that, because Dr. Holmes deferred diagnoses under the *DSM* axes I and II, the ALJ was not obligated to accept any of Dr. Holmes's findings. Def.'s Br. 12. The Commissioner further reasons that a *DSM* axis IV diagnosis is not a "medical diagnosis," and is therefore irrelevant to a finding of disability because the ALJ must consider only limitations attributable to medically determinable impairments. *Id.*

An ALJ's RFC assessment must consider "all relevant evidence" in a claimant's case record. 20 C.F.R. § 416.945(a). A claimant's disability claim must also stem from a medically determinable impairment. 20 C.F.R. § 416.908. Here, numerous treating physicians repeatedly diagnosed Lackey with depression, anxiety, and bipolar disorder. Tr. 184, 194, 223, 233, 241-42, 298. 373, 460, 463, 624, 626. The ALJ accepted these diagnoses. Tr. 16. Lackey's inability to manage her temper, as described by Dr. Holmes, is plausibly a symptom of these diagnoses.

9 - OPINION AND ORDER

Therefore, the Commissioner is incorrect in asserting that Dr. Holmes's description of Lackey's workplace functioning due to her mental health is unsupported by a medically determinable impairment. The ALJ failed to address Dr. Holmes's relevant workplace limitations. The ALJ may not ignore "significant and probative evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The effect of ALJ's omission is discussed below.

## III.   The ALJ's Step Five Findings

Finally, Lackey asserts that the ALJ failed to make sufficient findings that she could perform work in the national economy at step five in the sequential proceedings. Pl.'s Opening Br. 18.

After an ALJ determines that a claimant cannot perform past relevant work at step four, the ALJ must determine if the claimant can perform work in the national economy at step five. 20 C.F.R. § 416.920(a)(4)(v). If the claimant has non-exertional limitations, including environmental limitations, the ALJ must draw upon the testimony of a vocational expert to support his step five findings. *Id.* at 1102. The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Because the ALJ failed to properly consider the evidence discussed above in his RFC assessment, this court cannot affirm the ALJ's step five findings.

## REMAND

The ALJ erroneously evaluated Lackey's credibility, Dr. Holmes's opinion, and Lackey's obesity. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178 (quoting *Smolen,* 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell,* 947 F.2d at 348)).

Here, the ALJ failed to properly evaluate Lackey's testimony and Dr. Holmes's opinion. The ALJ's question to the vocational expert furthermore failed to specify the frequency of Lackey's seizures and any of the limitations noted by Dr. Holmes. Tr. 671.

Lackey's counsel solicited testimony from the vocational expert addressing a hypothetical claimant with seizures occurring "several times a month," and a forty-percent workplace absentee rate "two out of three months." Tr. 673. However, Lackey's own testimony did not state that she cannot work because of her alleged seizure frequency. Tr. 653-54. Lackey's testimony regarding her abdominal pain is furthermore unclear: she states that she has pain associated with menstruation

every two to three months, but also stated that she was incapacitated by pain forty percent "of the time that I don't have menstrual cycles." Tr. 657.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter must be remanded for further proceedings addressing the improperly evaluated evidence discussed above, *id.*, and to obtain clarification from Lackey regarding the extent of her abdominal pain. If necessary, the ALJ must then revise his RFC analysis and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Lackey's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating any revised findings.

## CONCLUSION

For these reasons, this court REVERSES the Commissioner's final decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 24th day of February, 2010.

Thomas M. Coffin
United States Magistrate Judge